COPLEY *v.* DORAN & WRIGHT CO., Limited, *et al.*

(*Supreme Court, General Term, Fourth Department.* July, 1888.)

GAMING—ACTION FOR MONEY LOST—PLEADING—CONTRACT TO DELIVER WHEAT.

A complaint which alleges that plaintiff paid defendants certain moneys upon a wager or contingency, to-wit, the future market value of wheat, in form of a contract for a future sale thereof, without any intent on the part of either party to specifically perform the contract by an actual delivery of the wheat at such future time, but that the profit or loss on the transaction should be adjusted between the parties, with regard to the difference between the then market value and the purchase price agreed upon, sufficiently sets out a cause of action for money advanced upon a contract illegal and void under the statute against gaming.[1]

Appeal from special term, Jefferson county.

Action by Hiram Copley against the Doran & Wright Company, Limited, impleaded with Charles R. Knapp. Defendants appeal from an order overruling a demurrer to plaintiff's complaint. The demurrer, among other grounds, states, viz., "that causes of action have been improperly united, to-wit: (1) For damages for breach of contract for the purchase and sale of wheat; and (2) for money paid contrary to the provisions of the statutes against betting and gaming." Also "that the complaint does not state facts sufficient to constitute a cause of action for damages for breach of contract for the purchase and sale of wheat." Also "that the complaint does not state facts sufficient to constitute a cause of action for money paid contrary to the provisions of the statutes against betting and gaming." And also "that the complaint does not state facts sufficient to constitute a cause of action." In the opinion delivered by the learned judge, who held the special term, he says, viz.: "I am of the opinion * * * that but one cause of action is stated, and that to recover money claimed by the plaintiff to have been received and retained by the defendant in pursuance of the betting or gaming contract." He also states that from the language of the pleader "it may be fairly inferred that he intended to state that the performance alleged on the part of the defendant was in form only, and adopted for the purpose of concealing the actual character of the transaction."

Argued before HARDIN, P. J., and FOLLETT and MARTIN, JJ.

*Shepard & Osburn,* for appellants. *Hannibal Smith,* for respondent.

HARDIN, P. J. Plaintiff's complaint contains but one cause of action. Its parts are not separately numbered, nor independently classified. The early part of the complaint contains historical statements of the transactions had between the plaintiff and his assignor and the defendants, and to some extent spreads out somewhat artificially evidence of facts, while the early portions of the complaint are somewhat inartificially drawn, and the exact meaning of them somewhat obscure. It is not the office of a demurrer to reach such imperfections in pleadings. The allegations evince an intent of the pleader to state the formal arrangements made between the parties, and the mode and form of the contracts entered into by them, coupled with the cautious understanding on the part of the pleader that the forms adopted by the parties were

---

[1] As to the validity of contracts for dealing in futures, see Douglas v. Smith, (Iowa,) 38 N. W. Rep. 163, and note. See, also, Dempsey v. Harm, (Pa.) 12 Atl. Rep. 27.

void; but at folio 13 of the complaint the plaintiff avers, viz.: "And the said plaintiff further alleges that the said moneys were paid and delivered by the plaintiff and the said Powers, in the name of the plaintiff, and as hereinbefore alleged, to the said defendants, in the manner and form hereinbefore alleged, and the said moneys were received by the said defendants as aforesaid, upon a wager or upon a contingency, to-wit, upon a future market value of wheat, without any intent on the part of the said plaintiff or said Powers, or on the part of said defendants, or either of them, of an actual purchase of wheat for delivery in August; and the said moneys were received by the said defendants in the manner and form aforesaid, without any intent on the part of either of said defendants of purchasing any wheat, to be delivered to said Copley or any one in his behalf, in August, 1887, but that the same was a transaction in the form of a sale, dependent upon the contingency of the market; and that the said money was received by the defendants, and paid by said Copley and said Powers, as and in form of a purchase of 20,000 bushels of wheat on account of H. Copley, to be delivered in August, but with the intent of having the transaction closed either if the market value of wheat should fall to 70⅝ cents per bushel, without notice, or at any other sum above, upon the direction of said Copley or said Powers; and that the transaction should be determined as if upon a sale at the market value as of the time when the transaction should be declared closed; that the said defendants should deliver to said Copley, if the market should be above 75¼, the amount as if there had been a sale at such amount above 75¼ per bushel, and that the transaction would then be closed, and profit in form should be paid over to the plaintiff." It is further averred that the adjustment should be upon the difference in market value.

Taking the whole complaint together, we are of the opinion that it contained a cause of action for moneys advanced by the plaintiff and his assignor to the defendants upon an agreement well understood by the parties that it was not to be specifically performed by an actual delivery of the wheat, but that, at the election of the parties, whether closed by the direction of the plaintiff and his assignor, or by the action of the defendants by reason of the depression in price below the amount of margin furnished, that the differences should be settled for and paid by either party to the other, as the contingencies arising in the market should require.    Therefore the contract was illegal and void under the statute.  *Cassard* v. *Hinmann*, 14 How. Pr. 84.    We think the pleader had sufficiently averred that there was no intent on either side that there should be an actual delivery of the property referred to in the orders mentioned in the complaint, or in the transactions described in the complaint, and that facts sufficient to bring the case within authorities which condemn such transactions are sufficiently stated.    It is said in *Bigelow* v. *Benedict*, 70 N. Y. 206, viz.: "Contracts of this kind may be mere disguises for gambling, and where an optional contract for the sale of property is made, and there is no intention on the one side to sell or deliver the property, or on the other side to buy or take it, but merely that the difference should be paid according to the fluctuation in market values, the contract would be a wager within the statute."    Under the averments the plaintiff would be permitted to prove that at the time of giving the orders referred to in the complaint, and the delivery of the money thereunder, it was the intention of the parties that no actual delivery of the property referred to in the order should be made, but that adjustment should be had by merely paying the differences "according to the rise and fall of the market."    The transaction was therefore void.    *Yerkes* v. *Salomon*, 11 Hun, 471; *Irwin* v. *Williar*, 110 U. S. 499, 4 Sup. Ct. Rep. 160; *Kingsbury* v. *Kirwan*, 77 N. Y. 612; *Everingham* v. *Meighan*, 55 Wis. 354, 13 N. W. Rep. 269; *Flagg* v. *Baldwin*, 38 N. J. Eq. 221; *Peck* v. *Doran*, 46 Hun, 454.    We are of the opinion that the complaint contains facts sufficient to constitute a cause of action, and that the demurrer

was properly overruled. We do not express any admiration for the language used by the pleader in stating the essential facts to constitute a cause of action. In *People* v. *Mayor*, 17 How. Pr. 57, the court says: "The plaintiff may present in his complaint a mass of heterogeneous facts, and a volume of unmeaning words, and a number of prayers for the most various and inconsistent relief; and none of these defects can be reached by demurrer, provided the complaint contains, no matter in what state of disorganization, the elementary constituents of a good cause of action." It is also added that in respect to such a complaint, viz., "it is the duty of the court to uncover the mass of heterogeneous facts, and to sort out and to arrange them, and if it is found that any lot or parcel of them, when arranged and placed together, will stand alone as a cause of action, it is the duty of the court to overrule the demurrer." So far as we have found it necessary for the proper considerations of the questions raised by the appellant, we have performed that duty, and in our judgment the demurrer was properly overruled at the special term. We think the judgment should be affirmed, with costs, and leave given to the appellant to answer upon the usual terms. Judgment affirmed, with costs, and leave given to the defendant to answer upon payment of costs of the demurrer and of this appeal within 20 days.

FOLLETT and MARTIN, JJ., concur.